NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 08-4666
_____

UNITED STATES OF AMERICA

v.

JOSE N. OROZCO,
                    Appellant

_____

No. 09-1017
_____

UNITED STATES OF AMERICA

v.

TERRY BATTLE,
                    Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Nos. 2-07-cr-00900-002, 2-07-cr-00900-001)
District Judge:  Honorable Dennis M. Cavanaugh

_____

Submitted Under Third Circuit LAR 34.1(a)
December 12, 2011

(Filed: January 4, 2012)

_____

OPINION

_____

SLOVITER, *Circuit Judge*.

Jose Orozco and Terry Battle (collectively, "Appellants") appeal from the District Court's judgment of conviction for conspiracy to possess and distribute more than five kilograms of cocaine. Battle also challenges the District Court's judgment of sentence. We will affirm.[1]

Because we write primarily for the parties, we need not discuss the facts or procedural history of this case.

Appellants argue that the District Court erred by admitting into evidence a transcript and recording of a telephone conversation between Battle and an individual that the Government referred to as "Julio LNU." "We review the district court's ruling as to proper authentication for abuse of discretion." *United States v. McGlory*, 968 F.2d 309, 328 (3d Cir. 1992). Under Federal Rule of Evidence 901(a), the requirement of authentication or identification as a condition precedent to admissibility is satisfied "by

_____

[*] Hon. Lawrence F. Stengel, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291.

2

evidence sufficient to support a finding that the matter in question is what its proponent claims." *United States v. Console*, 13 F.3d 641, 661 (3d Cir. 1993). Moreover, "telephone calls may be authenticated by circumstantial evidence as well as by direct recognition of the person calling." *Id.*

Here, the Government has offered sufficient evidence of the authenticity of the transcript because Agent Jason Venticinque – who was present during Battle's telephone conversation with "Julio" – established the prima facie authenticity of the transcript by testifying that it accurately reflects Battle's recorded conversation. In addition, the Government presented evidence of phone calls from which the jury could infer that the transcript reflected Battle's conversation with a co-conspirator named Julio.[2] The District Court therefore did not abuse its discretion by admitting a transcript of that telephone conversation into evidence.[3]

Battle claims that the District Court also erred by denying his motion to suppress allegedly untrustworthy recordings and transcripts of his telephone conversations with witness Larry McCargo. This court "reviews the District Court's denial of a motion to

---

[2] At trial, the Government indicated that it was offering the transcript as a co-conspirator statement under Federal Rule of Evidence 801(d)(2)(E). Appellants claim, however, that the Government was required to identify the speaker as Julio under *United States v. Starks*, 515 F.2d 112, 121 n.11 (3d Cir. 1975) (noting that it is "difficult to lay down a uniform standard" for authentication of tape recordings but suggesting that a key factor is whether "the speakers are identified"). Even assuming *arguendo* that the Government was required to identify the speaker before admitting the transcript, it presented sufficient evidence to do so.

[3] To the extent that Appellants challenge the District Court's admission of the recorded conversation itself, we conclude, for the reasons stated above, that such admission was also proper under Federal Rule of Evidence 901.

suppress for clear error as to the underlying factual findings. . . ." *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002). The District Court did not err in denying Battle's motion to suppress these recordings and transcripts because suppression hearing testimony demonstrated that they were accurate and unaltered. Moreover, although there were pauses throughout the challenged recordings, the District Court appropriately concluded that such deficiencies would "go to the weight as to what the jury thinks when they listen to those tapes," rather than admissibility. Appellee's Supp. App. at 31.

Battle next claims that the District Court plainly erred by failing to declare a mistrial after McCargo, during his testimony, alluded to Battle's previous incarceration. We review the District Court's decision not to grant a mistrial *sua sponte* for plain error. *United States v. Riley*, 621 F.3d 312, 338-39 (3d Cir. 2010).

The District Court's failure to grant a mistrial in response to McCargo's remark was not plain error because McCargo's reference to Battle's past incarceration was neither pronounced nor persistent and occurred only once over the course of a three-day trial. Moreover, the District Court instructed the jurors to "draw no inference at all from [McCargo's remark]." Appellant's Supp. App. at 487. Thus, McCargo's remark did not affect the outcome of the District Court proceedings, *see United States v. Lee*, 573 F.3d 155, 162 (3d Cir. 2009) ("We . . . presume that juries follow their instructions."), and the Court did not plainly err by failing to declare a mistrial.

Battle asserts that the District Court erred by admitting into evidence data communication records that the Government obtained by subpoena, rather than a warrant. Battle, however, failed to raise his objection at the time the records were offered. This

court reviews non-contemporaneous objections for plain error. *United States v. Lee*, 612 F.3d 170, 193 (3d Cir. 2010). Battle claims that the District Court erred based on Section 2703(a) of the Stored Communications Act, which "covers the circumstances in which a governmental entity may require providers to disclose the *contents* of wire or electronic communications in electronic storage." *In re Application of the U.S. for an Order Directing a Provider of Elec. Commc'n Serv. To Disclose Records to the Gov't*, 620 F.3d 304, 306 (3d Cir. 2010). That section, however, is not at issue here because the Government did not acquire the contents of wire or electronic communications. Rather, the challenged records include, *inter alia*, the name and address of the cell phone's subscriber, telephone connections, and session times and durations, which are properly obtained via subpoena under 18 U.S.C. § 2703(c)(2).

Battle claims that the District Court erred by denying his motion to suppress his post-arrest statements because he did not freely waive his *Miranda* rights. "A defendant may waive his *Miranda* rights if the waiver is made knowingly, intelligently, and voluntarily." *United States v. Pruden*, 398 F.3d 241, 246 (3d Cir. 2005). While "[t]he ultimate question of voluntariness of a *Miranda* waiver is subject to plenary review, . . . we review the . . . facts supporting that conclusion for clear error." *Id.* at 245-46.

Here, the District Court did not err by concluding that Battle voluntarily waived his *Miranda* rights. Battle maintains that his post-arrest statements were coerced because ICE agents "denied appellant telephone access[,] . . . physically isolated him and threatened to plant narcotics on his wife" if he failed to cooperate. Appellant Battle's Br. at 15. In rejecting those arguments, the District Court credited the testimony of ICE

5

agents rather than Battle and concluded that Battle's waiver was not procured by duress. Such credibility determinations are "uniquely within the province of the trial court," *United States v. Bethancourt*, 65 F.3d 1074, 1081 n.4 (3d Cir. 1995), and there is no indication that the District Court erred in reaching its conclusions.

Finally, Battle claims that the District Court erred by concluding that his Advisory Guidelines sentence range was not based on an overrepresentation of his criminal history and therefore denying his request for a downward departure. "We do not have jurisdiction to review discretionary decisions by district courts to not depart downward," *United States v. Jones*, 566 F.3d 353, 366 (3d Cir. 2009), unless the Court was acting under the "mistaken belief that it lacks discretion to do otherwise." Because there is no indication that the District Court mistakenly believed that it lacked discretion to grant Battle's request for a departure, we will dismiss Battle's argument for lack of appellate jurisdiction.

For the foregoing reasons, we affirm the District Court's judgments of conviction and sentence.