**ALD-271**                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12- 2683
_____

UNITED STATES OF AMERICA,

v.

JOSE N. OROZCO, Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 07-cr-00900-2)
District Judge:  Honorable Dennis M. Cavanaugh
_____

Submitted for Possible
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 30, 2012
Before:  SLOVITER, FISHER and WEIS, Circuit Judges

(Opinion filed: September 06, 2012)
_____

OPINION
_____

PER CURIAM.

Jose Orozco appeals pro se from an order of the United States District Court for

the District of New Jersey denying his motion pursuant to Rule 36 of the Federal Rules of

Criminal Procedure to "Resurrect the Omission of Defendant's Deportation Status." We will summarily affirm the judgment of the District Court.

As the parties are familiar with the case, we will only briefly discuss the relevant procedural history. Jose Orozco was convicted after a jury trial of conspiracy to possess and distribute more than five kilograms of cocaine. The conviction was upheld by this Court. United States v. Orozco, CA 08-4666. In May of 2012, Orozco filed a motion pursuant to Rule 36 of the Federal Rules of Criminal Procedure. Orozco claimed that a 2012 Department of Justice (DOJ) memo to United States Attorneys detailing a new policy on "Fast Track" programs was in fact a retroactive rule that should be applied to his case, resulting in a reduced sentence. The government objected, stating that, regardless of retroactivity, the new policy did not apply to Orozco's case. The District Court denied the motion in May of 2012. This appeal followed.

We have appellate jurisdiction under 28 U.S.C. §1291.[1] Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4.

Orozco's appeal does not present a substantial question. Even if such a claim could be raised via Rule 36, the DOJ memo on which Orozco bases his claim does not apply to his case. Specifically, the memo requires that the DOJ move for a downward

---

[1] It appears that we have yet to articulate the standard of review for the denial of a Rule 36 motion in a precedential opinion. However, we need not resolve that issue here because under any available standard we would affirm.

departure in sentence if (1) the defendant is charged with illegal entry and (2) if the defendant agrees to plead guilty. (D. Ct. dkt #87-1, at 3). As stated above, Orozco satisfied neither of these requirements. The new DOJ policy is thus not relevant to Orozco's conviction.

Accordingly, we will summarily affirm.

3